UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **GARY SPANIER, D.C. P.A.,** as assignee, individually, and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**<br><br>Defendant. | No. 16 C 9410<br><br>Magistrate Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Plaintiff Gary Spanier ("Plaintiff") brings this single-count declaratory relief action against Defendant State Farm Mutual Automobile Insurance Company ("State Farm") on behalf of a proposed class of Florida health care providers who submitted claims to State Farm. State Farm moves to transfer this case to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, State Farm's motion to transfer [7] is GRANTED.

### I. BACKGROUND

Plaintiff's Complaint alleges that State Farm's Florida Policy Form 9810A (the "Policy") violates Florida's personal injury protection (PIP) statute (Fla. Stat. § 627.736 *et seq.*). Plaintiff contends that State Farm improperly used a fee schedule to limit reimbursements under automobile insurance policies issued by State Farm.

Since 2008, Florida law has allowed an insurer to elect either of two payment methods—the permissive "Schedule of Maximum Charges" or the fact-dependent method—and since 2012, Florida law has required notice in PIP policies if the insurer limits payments under the fee schedules. (Dkt. 1, (Compl.) ¶¶ 17, 37).

Plaintiff alleges that State Farm's Policy violates Florida law by failing to clearly and unambiguously elect the fee schedule method, and using it nevertheless as the sole method to calculate payments. (*Id.* ¶¶ 22, 74). Plaintiff claims he was harmed when "State Farm failed and/or refused to pay medical benefits at the rate of 80% of the reasonable amount, which Plaintiff was entitled to recover" under the Florida PIP statute and State Farm's PIP insurance policy. (*Id.* ¶ 35). The Complaint seeks declaratory relief on behalf of "Florida professional associations and citizens of Florida that provide treatment to persons who are insured by the Defendant…" (*Id.* ¶ 6).[1] Specifically, the proposed class consists of "[t]he health care providers in Florida who submitted claims to State Farm, for no-fault benefits under PIP Policies which were in effect between January 1, 2013 and the present, where State Farm solely utilized the Schedule of Maximum Charges method to calculate payments to the provider." (*Id.* ¶ 57).

---

[1] The Court notes that the first paragraph of Plaintiff's Complaint states that its claims are for "declaratory and injunctive relief." (Compl. at 1). However, Plaintiff does not specify in the Complaint what injunctive relief he is seeking. Plaintiff's Response to the motion to transfer states that this is "only an action for a declaratory judgment…". (Dkt. 31 at 14). The Court assumes the reference in the Complaint to injunctive relief was an oversight.

## II. DISCUSSION

**A. Legal Standard**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). A court may transfer a case if venue is proper in both the transferor and the transferee courts and transfer is for the convenience of the parties and witnesses and in the interest of justice. *Sickman v. Asset Recovery Sols.*, LLC, No. 14 C 9748, 2015 U.S. Dist. LEXIS 54870, at *2 (N.D. Ill. Apr. 27, 2015) (internal citations omitted). While the party moving for transfer has the burden to show the transferee forum is clearly more convenient, the court has discretion to weigh the various factors and § 1404(a) does not specify the relative weight the court should give each factor. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–220, n.3 (7th Cir. 1986). The transfer statute "permits a flexible and individualized analysis." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (internal citations and quotations omitted). District courts are thus granted "a substantial degree of deference" in balancing the private and public interest factors to determine whether transfer is appropriate. *Id*. at 978–79.

**B. The Private Interest Factors Weigh in Favor of Transfer**

Because the parties do not dispute that venue is proper in both the Northern District of Illinois and the Southern District of Florida (*see* Dkt. 8 at 5–6; Dkt. 31 at 13), the Court turns to the convenience of the parties and witnesses and the interest

of justice. The relevant private interest factors are: "(1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the parties; and (5) the convenience of the witnesses." *Sickman*, 2015 U.S. Dist. LEXIS 54870, at *3 (internal citations and quotations omitted). While a plaintiff's choice of forum is generally entitled to great weight (*id.*), Plaintiff's choice in this case is given minimal weight because this district is not Plaintiff's home forum, the conduct giving rise to the lawsuit did not conclusively arise in this forum, and a Florida Plaintiff proposes to represent a class of Florida health care providers, none of whom are alleged to reside in Illinois. *See id.* at *4 ("because plaintiff and all potential class members are foreigners to Illinois and this district has limited contacts with the cause of action, the fact that plaintiff chose this district has little significance."); *see also Chambers v. N. Am. Co. for Life & Health Ins.*, No. 1:11 CV 3528, 2011 U.S. Dist. LEXIS 133844, at *8 (N.D. Ill. Nov. 18, 2011) ("we afford Plaintiff's choice of forum little weight [because]…the chosen forum is not Plaintiff's home forum, Plaintiff represents a class, and the conduct giving rise to the cause of action did not conclusively occur in Plaintiff's chosen forum.").

The second factor, the situs of material events, favors transfer to the Southern District of Florida. To argue that Illinois is the situs of material events, Plaintiff argues that State Farm's headquarters are in Illinois, State Farm makes policy and management decisions in Illinois, and the Policy was executed in Illinois. (Dkt. 31 at 21–22). State Farm points out that its headquarters are in Bloomington, Illinois,

in the Central District of Illinois. State Farm also states that its claim center and the claim handler that oversaw Plaintiff's claim are both located in Atlanta, Georgia. (Dkt. 8 at 7). Plaintiff does not dispute this. Indeed, Plaintiff's September 3, 2015 demand letter was addressed to State Farm's "PIP Demand Notice Unit" in Atlanta, Georgia. (Compl., Exh. D). While State Farm's President and Secretary signed the Policy in Bloomington, Illinois, the State Farm agent and the insureds are all located in Florida. (Dkt. 7-1 at 3–4 (Exh. A to Mot.)). Even if the Policy was "executed in Illinois," as Plaintiff argues, that is not proof that the situs of material events is here, particularly when Plaintiff argues that "the negotiation and sale of the policy is *not* at issue" in this case. (Dkt. 31 at 17) (emphasis added). Instead, Plaintiff says, "[t]he *only* issue is whether the Defendant paid the claim based on a proper formula under the wording of the policy and the No-Fault statute…" (*Id.* at 18).

While neither party offers evidence that conclusively shows where the material events occurred, the undisputed facts show that most if not all of the events occurred in Florida and Georgia because the Florida Policy was issued to the insureds in Florida, assigned to Plaintiff in Florida, and the claim center and handler that handled Plaintiff's claim were in Atlanta, Georgia. (Atlanta is significantly closer to Florida than to Chicago). *See Nero v. Am. Family Mut. Ins. Co., No. 11 C 1072,* 2011 U.S. Dist. LEXIS 78104 at *7-8 (N.D. Ill. July 19, 2011) (granting motion to transfer a proposed class action challenging an insurance policy as violative of Colorado's PIP statute in part because the case involved plaintiff's

"acquisition in Colorado of a Colorado insurance policy and the adjustment of [plaintiff's] insurance claim in Colorado."). Significantly, no events took place in the Northern District of Illinois.[2]

The third factor, the relative ease of access to sources of proof, is neutral. State Farm argues that the relevant witnesses and evidence are primarily located in the Southern District of Florida, and none of the witnesses or documents are in the Northern District of Illinois. (Dkt. 8 at 7, Dkt. 35 at 3–5). Plaintiff counters that documentary evidence is "largely irrelevant" in this case. (Dkt. 31 at 14). This Court agrees with other courts that have found this factor to be neutral because "documents are easily transferrable," and State Farm does not argue otherwise. *See Nero*, 2011 U.S. Dist. LEXIS 78104 at *8; *Cont'l Cas. Co. v. Staffing Concepts, Inc.*, No. 06 C 5473, 2009 U.S. Dist. LEXIS 86370, at *15 (N.D. Ill. Sep. 18, 2009).

The fourth and fifth factors, the convenience of the parties and of the witnesses, favor transfer. Plaintiff argues that State Farm "fails to identify a party employee, class member, or non-party witness whose convenience the Court should consider; and it fails to offer any discussion of the relevance of their testimony." (Dkt. 31 at 16). State Farm identifies two nonparty witnesses, Dallas and Christina Norris, the insureds who were treated by Plaintiff, and also says it expects to seek testimony

---

[2] The Court denies Plaintiff's request for discovery about "locations and processes regarding State Farm's decisions on the specific policy at issue." (Dkt. 31 at 22). The Court recognizes that it is possible that high-level decisions relevant to Plaintiff's claims in this case were made at State Farm's headquarters in Bloomington, Illinois. Assuming for the sake of argument that Plaintiff was able to show through discovery that some material events occurred in Illinois, this factor might weigh in favor of Illinois. But this would not change the Court's decision. This one factor would not outweigh the other factors which, taken together, strongly favor transfer of this case to the Southern District of Florida.

from other medical providers and insureds in Florida. (Dkt. 8 at 8, Dkt. 35 at 5). The Court is most persuaded by the fact that both Plaintiff and the *entire* class he seeks to represent are in Florida. *See Sickman*, 2015 U.S. Dist. LEXIS 54870, at *8 ("the court is most concerned with the convenience of the putative class members whom plaintiff seeks to represent."); *Tawil v. Ill. Tool Works Inc.,* No. 15 C 06808, 2015 U.S. Dist. LEXIS 162721, at *10 (N.D. Ill. Dec. 4, 2015) (finding that the convenience of the witnesses and parties weighed in favor of transfer to New Jersey because the class members that plaintiff proposed to represent were "most likely in New Jersey, or relatively nearby."); *AL & PO Corp. v. Am. Healthcare Capital, Inc.*, No. 14 C 1905, 2015 U.S. Dist. LEXIS 19922, at *6–7 (N.D. Ill. Feb. 19, 2015) ("unnamed class members presumably benefit from a class representative who is able to aggressively litigate their claims without significant inconvenience due to travel."); *Cf. Rana v. Coll. Admissions Assistance, LLC*, No. 11 C 4280, 2012 U.S. Dist. LEXIS 51949, at *11 (N.D. Ill. Apr. 13, 2012) (denying defendant's motion to transfer in part because plaintiff and the class he sought to represent were Illinois residents). If the class is certified in this case, it will be significantly more convenient for class members to travel to the court and depositions in Florida than to travel to Chicago.

### C. The Public Interest Factors Weigh in Favor of Transfer

The "interest of justice" is "a separate element of the transfer analysis that relates to the efficient administration of the court system." *Research Automation, Inc.*, 626 F.3d at 978. The public interest factors are: "(1) the relation of the

community to the occurrence at issue in the litigation and the desirability of resolving the controversies in their locale; (2) the court's familiarity with the applicable law; and (3) the congestion of respective court dockets and the prospect for earlier trial." *Sickman*, 2015 U.S. Dist. LEXIS 54870 at *8–9.

The first public interest factor weighs in favor of transfer. Florida residents have a stronger interest than Illinois residents in the outcome of a case, filed on behalf of a proposed class of Florida health care providers, concerning whether a Florida automobile insurance policy complies with Florida law. Citing *Reid v. GSI Lumonics, Inc.*, Case No. 01 C 9027, 2002 U.S. Dist. LEXIS 3037 (N.D. Ill. Feb. 22, 2002), Plaintiff argues that Illinois has a strong interest in regulating the activities of State Farm because it has "significant if not enormous presence" in Illinois. (Dkt. 31 at 25). But *Reid* involved a dispute about personal jurisdiction, not transfer. In determining personal jurisdiction existed, *Reid* noted that "Illinois has an obvious interest in assuring remedial relief for its citizens who have been injured by foreign actors." *Id.* at *15. The same can be said of Florida here. Plaintiff also attempts to distinguish *Essex Ins. Co. v. DiMucci Dev. Corp. of Ponce Inlet,* No. 14 C 7234, 2015 U.S. Dist. LEXIS 28710 (N.D. Ill. Mar. 10, 2015), cited by State Farm, because the declaratory judgment action involved a Florida defendant and residential buildings located in Florida. The *Essex* court found that Florida had a strong interest "in the interpretation of insurance coverage over construction of residential buildings within its state." *Id.* at *7. It is no stretch to say that Florida has a similarly strong interest in the interpretation of insurance reimbursement plans assigned to health

care professionals practicing *in Florida.* Moreover, any declaratory relief granted would be enforced in Florida, for the benefit of the Florida class members.

The second public interest factor, the court's familiarity with the applicable law, also weighs in favor of transfer. It is true that federal courts often interpret the laws of other states. At the same time, the Seventh Circuit has stated that "in a diversity action it is also considered advantageous to have federal judges try a case who are familiar with the applicable state law." *Coffey,* 796 F.2d at 221. This case is more than a run-of-the-mill contract interpretation case. It involves issues unique to Florida's PIP statute and Florida insurance policies—issues that have been frequently litigated in recent years in Florida courts.[3] In *Nero,* 2011 U.S. Dist. LEXIS 78104, the court found that the familiarity with applicable law strongly favored transfer: "The District of Colorado has far greater familiarity than this District with the CAARA [Colorado's PIP statute], CUCDPA, and the CCPA—not only in general, but also as applied specifically to the alleged failure of Defendants' automobile insurance policies to provide proper PIP coverage under Colorado law." *Id.* at *12. The same reasoning applies here.

The third public interest factor is docket congestion and likely speed to trial. "To evaluate the speed at which a case will proceed, courts look to two statistics: (1) the median number of months from filing to disposition for civil cases and (2) the median number of months from filing to trial for civil cases." *AL & PO Corp.*, 2015

---

[3] *See e.g. Allstate Ins. Co. v. Orthopedic Specialists*, 42 Fla. L. Weekly 38 (2017) and *John S. Virga, D.C., P.A. v. Progressive Am. Ins. Co.*, No. 16-cv-60329, 2016 U.S. Dist. LEXIS 184908 (S.D. Fla. June 28, 2016).

U.S. Dist. LEXIS 19922, at *14 (internal citations and quotations omitted). The median time from filing a civil case to disposition is 7.3 months in the Northern District of Illinois and 4.2 months in the Southern District of Florida. The median time from filing to trial is 39.4 months in the Northern District of Illinois and 17.8 months in the Southern District of Florida.[4] These statistics show the parties will not experience any delay because of a transfer to the Southern District of Florida.

In sum, the private and public interest factors, taken together, strongly weigh in favor of transfer to the Southern District of Florida.

### III. CONCLUSION

For the reasons discussed above, Defendant State Farm Mutual Automobile Insurance Company's Motion to Transfer this case to the Southern District of Florida [7] is GRANTED. This Court accordingly recommends that the District Judge deny State Farm's alternative motions to dismiss Plaintiff's class action complaint [9] and to strike class allegations [11] without prejudice. To provide time for the parties to file objections with the District Judge if they so choose, the Court directs the Clerk to stay this case for 18 days. Written objections, if any, must be filed within 14 days of the date of this Order. Fed. R. Civ. P. 72(a). After 18 days from the date of this Order, if no objection is filed, the Clerk is directed to transfer this case to the Southern District of Florida.

---

[4] U.S. District Court-Judicial Caseload Profile, online at:
http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distcomparison0930.2016.pdf (last viewed May 1, 2017).

E N T E R:

Dated: May 8, 2017

*signature: Mary M Rowland*

MARY M. ROWLAND
United States Magistrate Judge